UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRYSTAL CARIEGA, individually and as mother and natural guardian of SEBASTIAN CARIEGA, SAMIRA CARIEGA, minors,<br><br>               Plaintiff,<br>   v.<br>CITY OF RENO, a political subdivision of the State of Nevada; LYNETTE JONES, in her individual capacity and official capacity and official capacity as City of Reno Clerk, and DOE Defendants 1-10, inclusive,<br><br>               Defendants. | Case No. 3:16-cv-00562-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This case involves allegations concerning the City of Reno's purported pattern and practice of not processing traffic citation payments and quashing related arrest warrants in a proper and timely manner. Before the Court is Defendant City of Reno's Rule 12(b)(6) Motion to Dismiss ("Motion"). (ECF No. 7.) The Court has reviewed Plaintiff's response (ECF No. 10) and Defendant City of Reno's reply (ECF No. 11). For the reasons below, the Motion is granted.

**II.    BACKGROUND**

Plaintiff Crystal Cariega ("Plaintiff"), on behalf of herself and her two children, who are also named as Plaintiffs in this action, initially filed this action in the Second Judicial

District Court for Washoe County on July 22, 2016. (ECF No. 1-1.) She then filed the First Amended Complaint ("FAC") (ECF No. 1-2) in the same court on August 11, 2016. Defendant removed this action on September 28, 2016. (ECF No. 1.) The following facts are taken from the FAC.

Around January 27, 2014, Plaintiff, a member of the Quileute tribe, paid a traffic citation she owed to the City of Reno. Lynette Jones,[1] then the Head Clerk at the City Clerk's office,[2] did not process the payment of Plaintiff in a proper manner. As a result, an unlawful warrant for Plaintiff's arrest was wrongfully issued and never properly quashed. This warrant was issued and not quashed because of Plaintiff's status as a Native American.

Around July 25, 2014, Plaintiff was driving home from her job at RC Willey. Her two children and a co-worker, Lucelly Fiero ("Ms. Fiero"), were in the car as well. At approximately 9:30 pm, Plaintiff was stopped by a local police officer while Plaintiff was travelling on U.S. 395 North. The officer informed Plaintiff that she had an outstanding arrest warrant for failure to pay a prior traffic citation. Plaintiff was arrested, handcuffed, and placed in the back seat of the officer's car. During Plaintiff's arrest, Plaintiff's son asked several times why the officer was taking Plaintiff away in handcuffs. Both children were then placed into the custody of Ms. Fiero.

Plaintiff then went to Washoe County jail, where she was subjected to a strip-search, forced to wear jail attire, and had her personal items and clothes confiscated. Plaintiff requested to speak with someone to give an explanation, but employees at the jail refused to grant the request. While in custody at Washoe County jail, employees accused Plaintiff of being a "drunk Indian" and placed her with detainees who were

---

[1]On April 3, 2017, Lynette Jones was dismissed from this action for Plaintiff's failure to provide proof of service. (ECF No. 20.)

[2]Plaintiff asserts that Lynette Jones worked for the Reno police. (ECF No. 1-2 at ¶ 10.) According to Defendant, this is inaccurate; Ms. Jones worked for the City and not the police department. (ECF No. 7 at 7.) As City Clerk, Ms. Jones would not have been responsible for processing traffic fine payments, which are paid to the municipal court clerk. (*Id.* at 8.)

intoxicated, despite a breathalyzer determining that Plaintiff was not intoxicated whatsoever. While with intoxicated detainees, Plaintiff was subject to sexual advances from these detainees. Plaintiff spent the night in jail. Her children were still in the custody of Ms. Fiero during that time.

The next morning, Plaintiff was released after paying the bail amount. At work that day, Plaintiff discovered that her fellow employees had found and shared her booking photo from the previous night. Plaintiff then had to explain the situation to her employer. Plaintiff also had to explain the situation again when the wrongful arrest came up on a background check several months later.

At Plaintiff's subsequent appearance in court, she provided proof that she had paid the traffic citation. Her case was dismissed, but the court did not reimburse Plaintiff the full amount of her bail. Instead, they decreased the bail amount by the traffic citation, which she had already paid. It then took several weeks to get that portion of the bail amount returned to Plaintiff.

In the FAC, Plaintiff brings eight claims for relief based on: (1) violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution (brought pursuant to 42 U.S.C. § 1983); (2) false/wrongful arrest; (3) false imprisonment; (4) conversion; (5) negligence; (6) negligence per se; (7) intentional infliction of emotional distress; and, (8) negligent infliction of emotional distress.

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

**B.     Judicial Notice of Exhibits Attached to Defendant's Motion**

As a preliminary matter, Plaintiff objects to the four exhibits attached to Defendant's Motion (ECF Nos. 7-1, 7-2, 7-3, 7-4) and ask that they be excluded. (ECF No. 10 at 2.) These exhibits include two city statutes, a receipt for Plaintiff's payment of the underlying traffic citation, and the related Reno Municipal Court order dated October 30, 2014. Plaintiff argues that these four exhibits convert Defendant's Motion into a motion for

4

summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 10 at 2.) In response, Defendant contends that the four exhibits fall under Federal Rule 12(d)'s exceptions. (ECF No. 11 at 2.)

If a document is a matter of public record or its contents are alleged and central to the complaint, a court may take judicial notice of it without converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Exhibit 1 is the City of Reno's charter, which Defendant offers in arguing that it does not have control over Reno's municipal courts or its employees, which process traffic citations and issue warrants. (ECF No. 7 at 2-3.) Exhibit 2 is Chapter 2.16 of the City of Reno's municipal code, which Defendant offers in further support of its argument that the municipal court and not the City exerts direct control over municipal court employees. Because both exhibits are a matter of public record and central to rebutting Plaintiffs' contention that the City of Reno had responsibility for the failure to process Plaintiff's payment or the false issuance of her arrest warrant, the Court takes judicial notice of them. Exhibit 3 supports Plaintiff's contention that she paid the traffic citation on January 27, 2014, which is central to her complaint. Exhibit 4 is offered by Defendant to demonstrate that the issuance and dismissal of traffic warrants falls under the jurisdiction of the municipal court and not the City Clerk, as the FAC alleges. Because Plaintiffs do not dispute the veracity of any of the exhibits, the Court takes judicial notice of them.

### C.    42 U.S.C. § 1983

In their Motion, Defendant requests that Plaintiff's § 1983 claim be dismissed on the grounds that the FAC does not allege specific facts of a policy that would make the City liable for the acts of its employee.[3] A local government, such as the City of Reno, cannot be held responsible under § 1983 for the acts of its employees under a respondeat superior theory of liability. *See Brd. Of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). However, the City of Reno may be held liable under § 1983 if the alleged constitutional

---

[3] Defendant does not seek dismissal of the state law claims.

<s>5</s>

deprivation is the product of a policy or custom of the local government. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Official municipal policy" includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Monell*, 436 U.S. at 691). The FAC alleges that the City of Reno has a "pattern and practice of not processing traffic citation payments and quashing the related arrest warrants of Native Americans and/or other minorities in a proper and timely manner." (ECF No. 1-2 at 4.) The FAC's mere legal conclusion that there is a "pattern or practice" without pointing to specific decisions of the City of Reno's lawmakers, specific acts of the City's policymaking officials, or factual examples of practices so persistent as to have the force of law, is insufficient under the pleading standards of *Iqbal/Twombly* to withstand a motion to dismiss under Rule 12(b)(6). Therefore, the Court grants Defendant's Motion.

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As pleaded, the FAC does not contain sufficient factual allegations to state a claim for relief under § 1983. However, the Court is unclear on whether amendment would be futile. Accordingly, the Court grants Plaintiff leave to amend the FAC if Plaintiff is able to cure the deficiencies identified in this Order.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is hereby ordered that Defendant's Motion to Dismiss (ECF No. 7) is granted. Plaintiff's claim brought under 42 U.S.C. § 1983 is dismissed without prejudice and with leave to amend. Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Order to cure the deficiencies of the FAC. In the event Plaintiff fails to timely

file an amended complaint, the Court will decline to exercise supplemental jurisdiction over the state law claims.

DATED THIS 8th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE