# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRYSTAL CARIEGA, individually and as mother and natural guardian of SEBASTIAN CARIEGA, SAMIRA CARIEGA, minors,

Plaintiffs,

vs.

CITY OF RENO, a political subdivision of the State of Nevada, *et al.*,

Defendants.

3:16-cv-00562-MMD-WGC

**ORDER**

Re: ECF No. 41

Before the court is Plaintiffs' Motion and Application for Public Records Request, Attorney's Fees and Costs (ECF No. 41). Defendants City of Reno, Reno Municipal Court and Mauricio Rojas have opposed (ECF No. 42) and Plaintiffs have replied (ECF No. 43). After consideration of Plaintiffs' motion, the court denies Plaintiffs' request to order Defendants to comply with Plaintiffs' public records request.

## **BACKGROUND**

Plaintiffs' action for alleged deprivation of Ms. Cariega's constitutional rights (Fourth, Fifth and Fourteenth Amendments) was commenced in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, Case No. CV16-01534. The complaint also included various causes of action asserted under Nevada's common law. The complaint was superseded by a First Amended Complaint which was removed to the United States District Court on September 28, 2016. (ECF No. 1.) The City of Reno moved to dismiss on October 12, 2016. (ECF No. 7.) On May 8, 2017, District Judge Miranda Du entered an order granting the City's motion to dismiss with leave to amend.

Plaintiffs filed a Second Amended Complaint on May 31, 2017, adding two new Defendants: the Reno Municipal Court and its Clerk Mauricio Rojas (ECF No. 24). Plaintiffs shortly thereafter submitted a Third Amended Complaint (which corrected a spelling mistake) (ECF No. 30) on June 1, 2017. On June 15, 2017, Defendants City of Reno, Reno Municipal Court and Mauricio Rojas moved to dismiss Plaintiffs' Third Amended Complaint (ECF No. 37) which is now pending before District Judge Du, as is Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 40.) This order will address Plaintiffs' motion and application for public records request which Plaintiffs have submitted in accordance with Chapter 239 of the Nevada Revised Statutes. (ECF No. 41.)[1]

## DISCUSSION

The dispute as to the public records request arises whether Plaintiffs may properly seek to enforce compliance with the public records request *in this action* which is pending before the United States District Court (Plaintiffs' position) (ECF Nos. 41, 43), or whether the request may only be pursued in the District Court of the State of Nevada (Defendants' position) (ECF No. 42).

Nev. Rev. Stat. 239.011 provides in pertinent part as follows:

> If a request for inspection or copying of a public book or record open to inspection and copying is denied, the requestor may apply *to the district court in the county in which the book or record is located* for an order permitting the requestor to inspect or copy it.[ ] (emphasis added)

Defendants' position is that the "proper forum for her application would be the Second Judicial District Court in and for the County of Washoe." (ECF No. 42 at 4.) This position appears to be consistent with the language of the statute which says the requestor "may apply to the district court in the county in which the book or record is located for an order ... ."

Plaintiffs' position as contained in their reply is that the Supplemental Jurisdiction provisions of 28 U.S.C. § 1367(a) suggests "this court is the proper forum for claims that arise out of the original jurisdiction of the federal court and involve the same case or controversy as exists here." Accordingly, Plaintiffs contend "this court is statutorily required to exercise jurisdiction 'over all other claims.' 28 U.S.C. § 1367(a)." (ECF No. 43 at 2.)

---

[1] The actual public records request which is the subject of Plaintiffs' motion appears as Exhibit 1. (ECF No. 41-1 at 2-3.)

The deficiency with Plaintiffs' argument is that 28 U.S.C. § 1367(a) pertains to all other *claims* that are so related to claims in the action within such original (federal) jurisdiction that the "other claims" form part of the same *case or controversy* under Article 3 of the United States Constitution. Section 1367(a) (emphasis added).

Plaintiffs' Third Amended Complaint contains no "claim" (i.e., claims for relief) that is predicated upon a violation of Chapter 239 of the Nevada Revised Statutes. (Plaintiffs' Third Amended Complaint, ECF No. 30.) Indeed, while Nev. Rev. Stat. 239.011 provides a mechanism to enforce a public records request which has been denied, the statute does not characterize it as a separate cause of action or claim for relief for which damages may be awarded.

Plaintiffs argue that while a district court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), it may do so only if "the federal claim(s) were dismissed and other compelling reasons exist for remand." (ECF No. 43 at 2.) (citing *Executive Software v. U.S. D.Ct.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (overruled on other grounds *Cal. Dept. of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). However, the *Executive Software* decision only refers to a United States District Court exercising jurisdiction over "claims" and not collateral enforcement of provisions contained in state law. The only connection Plaintiffs' public records request has to the pending litigation is that Bradley O. Van Ry, Esq., and his co-counsel, Charles B. Woodman, Esq., made a public records request to the City of Reno. *See*, Exhibit 1 to Plaintiffs' motion (ECF No. 41-1). The records request was *not* made by any of the Plaintiffs in this action. This distinction further distances the characterization of Plaintiffs' records request as a "claim" under 28 U.S.C. § 1367(a).[2]

Defendants also argue that the Plaintiffs' public records request is a "clear abuse of the discovery process, conducted both outside the parameters of Fed. R. Civ. P. 26 and well past the established discovery cut off in this case." Although the court concurs that the discovery deadline (April 10, 2017) (ECF No. 14) has expired in this matter, the court's decision herein is not predicated on whether Plaintiffs' public records request is a disguised request for production of documents.

---

[2] Even if the records request were specifically made by the Plaintiffs, the court is of the opinion this would still not constitute a separate "claim" for which the United States District Court could exercise jurisdiction.

3

Additionally, the court has not based its analysis in this order in any respect on Defendants' offer of judgment under Fed. R. Civ. P. 68. (ECF No. 42 at pp. 5-6.) The court concludes that whether an offer of judgment has or has not been served in this action is irrelevant to whether this court has jurisdiction over a public records request under Nev. Rev. Stat. Chapter 239.

Last, the court's decision is also not predicated upon Defendants' suggestion (for which essentially no specific authority was cited) that "courts are not included in the statutory definition of 'governmental entity' under NRS 239, the Nevada Public Records Act." (ECF No. 42 at 3.)

**CONCLUSION**

A public records request and the alleged failure of the City of Reno and/or the Reno Municipal court to comply with the request is not a "claim" for which this court may properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiffs' relief rests with the "district court in the county in which the book or record is located" which would be the Second Judicial District Court in and for the County of Washoe.

Plaintiffs' Motion and Application for Public Records Request, Attorney's Fees and Costs (ECF No. 41) is **DENIED**.

DATED: August 2, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE